KENT B. GOSS (State Bar No. 131499)
kgoss@orrick.com
CHRISTOPHER J. CHAUDOIR (State Bar No. 198444)
cchaudoir@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for Plaintiffs
THOUGHT CONVERGENCE, INC. and NAME
INTELLIGENCE, LLC

FILED

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

2009 MAY -1  PM 4: 15

BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV09-3088 RGWL

| | |
|---|---|
| THOUGHT CONVERGENCE, INC., a Delaware Corporation and NAME INTELLIGENCE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JAY WESTERDAL, an individual; PER WESTERDAL, an individual; RAY BERO, an individual; CAMERON JONES, an individual; and DOES 1 through 10<br><br>Defendants. | Case No. CV<br><br>**COMPLAINT FOR:**<br><br>1) **BREACH OF SECURITIES EXCHANGE AGREEMENT;**<br><br>2) **BREACH OF EMPLOYMENT AND NON-COMPETE AGREEMENTS;**<br><br>3) **BREACH OF FIDUCIARY DUTY;**<br><br>4) **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; AND**<br><br>5) **ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

1   Plaintiffs Thought Convergence, Inc. ("TCI") and Name Intelligence, LLC

2   ("NIL" and collectively with TCI, "Plaintiffs"), hereby demand a jury trial on their

3   Complaint and alleges as follows:

4                                 **INTRODUCTION**

5       1.   This case concerns a blatant breach of contract by the sellers of an

6   internet business to TCI, the breach of an employment agreement and noncompete

7   agreement by one of sellers' principals, Jay Westerdal, and Mr. Westerdal's breach

8   of fiduciary duties owed to Plaintiffs.  Despite Mr. Westerdal's assurances that his

9   business was set for immediate and explosive growth and that Mr. Westerdal would

10  commit his full business effort to running the business after its acquisition, neither

11  proved to be true.  Rather, Mr. Westerdal materially misrepresented and omitted

12  key information about the condition and nature of his business to extract a

13  hyperinflated purchase price.  Following the acquisition, Mr. Westerdal failed to

14  assist the business in any meaningful way, used company assets as his own personal

15  bank account and began developing a competing business in violation of his duties

16  and contractual obligations to Plaintiffs.  Plaintiffs have suffered untold damage by

17  virtue of these breaches, creating substantial offsets to the purchase price for the

18  business.  By this action, Plaintiffs are exercising their right to set-off the amounts

19  to which they are entitled by virtue the claims described herein against the First

20  Post-Closing Payment due to NII, if any.

21                          **JURISDICTION AND VENUE**

22      2.   Jurisdiction is based on 28 U.S.C. §1332(c) as Plaintiffs and

23  Defendants are citizens of different states and the amount in controversy exceeds

24  $75,000 exclusive of interest and costs.

25      3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(2) as a

26  substantial amount or part of the events or omissions giving rise to the claim

27  occurred in this district.  Venue is also proper in this Court pursuant to Section 7.11

28  of the Securities Exchange Agreement which requires that any action arising out of

or relating to the agreement be brought in the State of California, County of Los Angeles.

## PARTIES

4.  Plaintiff TCI is, and at all times herein mentioned was, a corporation duly organized pursuant to the laws of the state of Delaware, with its principal place of business in Los Angeles, California.  TCI is an industry-leading provider of domain management, monetization and development tools and technologies for premium domain owners and aggregators of high quality domain portfolios.

5.  Plaintiff Name Intelligence, LLC ("NIL") is, and at relevant times herein mentioned was, a limited liability company organized in the state of Delaware with citizenship in California.

6.  On information and belief, Defendant Mr. Jay Westerdal ("J. Westerdal") is an individual residing in Mercer Island, Washington.  J. Westerdal was the co-founder, former CEO and President of NII, is the Chief Product Officer of NIL and TCI and is a member of the TCI board of directors.

7.  On information and belief, Defendant Mr. Per Westerdal ("P. Westerdal")  is an individual residing in Bellevue, Washington.

8.  On information and belief, Defendant Mr. Ray Bero ("R. Bero") is an individual residing in Seattle, Washington.

9.  On information and belief, Defendant Mr. Cameron Jones ("C. Jones") is an individual residing in Seattle, Washington.

10.  J. Westerdal, P. Westerdal, R. Bero and C. Jones were each controlling shareholders of NII (the "Shareholders").

11.  TCI is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names.  TCI will amend this Complaint to allege their true names and capacities when ascertained.  TCI is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the

1  occurrences herein alleged, and that TCI's damages as herein alleged were

2  proximately caused by such Defendants.

3      12.   TCI is informed and believes, and on that basis alleges, that the

4  Defendants named herein are the partners, joint venturers, alter egos, agents,

5  principals, representatives, employees, servants, successors or predecessors of the

6  other Defendants, each and all of them, with respect to the matters alleged herein.

7  The Defendants named herein acted within the course and scope of their authority

8  as such partners, joint venturers, alter egos, agents, principals, representatives,

9  employees, servants, successors or predecessors, and with the consent, ratification

10  and approval of their co-Defendants in doing the things alleged herein.

11  **THE TRANSACTION**

12      13.   In late 2007, representatives of TCI's predecessor in interest

13  approached J. Westerdal concerning the potential acquisition of NII's businesses,

14  Name Intelligence, LLC and Spry.Com, Inc. ("Spry" and together with NIL, the

15  "NIL Businesses").

16      14.   The NIL Businesses consisted of online tools for domain data

17  aggregation, analysis and management, and a virtual private server web hosting

18  services business.

19      15.   During the negotiations, J. Westerdal detailed how the NIL Businesses

20  would be complimentary to TCI's business operations and assured TCI that the NIL

21  Businesses would be immediately accretive to TCI's bottom line.  J. Westerdal also

22  promised that the NIL Businesses were growing year to year, and set for

23  "immediate and explosive growth."  Indeed, J. Westerdal assured TCI that the

24  second and third installment of the agreed upon purchase price (as described below)

25  would be "easily paid by the net profits" of the NIL Businesses as reflected in the

26  Financial Statements of the NIL Businesses.

27

28

16.   To coax TCI into the transaction, J. Westerdal also presented TCI with an Executive Summary of the NIL Businesses.  The Executive Summary detailed that revenue generated from a portion of the NIL Businesses totaled between $3 and $4 million dollars.  The Executive Summary further indicated that the businesses' Domain Roundtable Conferences would be held twice a year and that it would contribute significant additional revenue to the NIL Businesses.

17.   J. Westerdal further detailed that he had received another offer to purchase the NIL Businesses for a guaranteed sum of $60 million in cash and that he would proceed with that transaction unless TCI immediately agreed to purchase the NIL Businesses.

18.   Based on these representations, and others, TCI agreed to acquire the NIL Businesses for $16 million dollars and stock in TCI.

## THE TRANSACTION DOCUMENTS

19.   The transaction to acquire the NIL Businesses included several agreements, including, among others, the Securities Exchange Agreement dated May 2, 2008, by and among TCI, TrafficZ, Inc., NII, and each of the Shareholders (the "Securities Exchange Agreement")[1], Offer Letters dated May 28, 2009 between NIL and/or Spry.com, Inc. and the individual Shareholders (the "Offer Letters")[2], Restricted Stock Agreements dated May 2, 2008, by and among TCI and NII, J. Westerdal, P. Westerdal, R. Bero and C. Jones  (the "Restricted Stock Agreement")[3], Noncompetition Agreements dated May 2, 2008, by and between TCI and each individual Shareholder (the "Noncompetition Agreement")[4] and the Confidential Information and Invention Assignment Agreement ("Information and

---

[1] A true and correct copy of the Securities and Exchange Agreement is attached hereto as Exhibit A and incorporated herein by this reference.
[2] A true and correct copy of the Offer Letter between NIL and J. Westerdal is attached hereto as Exhibit B and incorporated herein by this reference.
[3] A true and correct copy of the Restricted Stock Agreement is attached hereto as Exhibit C.
[4] A true and correct copy of the Noncompetition Agreement between TCI and J. Westerdal is attached hereto as Exhibit D and incorporated herein by this reference.

Invention Agreement").[5]  The foregoing agreements are collectively referred to herein as the "Transaction Documents."[6]

20.   As part of the purchase of the NIL Businesses, Shareholders made certain representations and warranties concerning the transaction.  Among others, Shareholders represented and warranted as follows:

> 3.6   Financial Statements.  The Company has delivered to Parent the unaudited balance sheet, and the related unaudited statements of operations, changes in shareholders' equity and cash flows of the Company as of and for the twelve (12) months ended December 31, 2007 (the "Financial Statements").  The Financial Statements (a) are true, accurate and compete in all material respects, (b) are consistent with the books and records of the Company, (c) present fairly and accurately the financial condition of the Company in all material respects as of the date thereof and the results of operations, changes in shareholders' equity and cash flows of the Company for the periods covered thereby, and (d) have been prepared in accordance with GAAP, applied on a consistent basis through the periods covered.

***

> 3.13  Intellectual Property.
>
> (g)   No  Violation; Restriction.
>
> (i)   … the operation of the Business as it is currently conducted, including, but not limited to, the design, development, use, import, branding, advertising, promotion, marketing, manufacture and sale of any of the Company's or any of its Subsidiaries' products (including any currently under development) or services, does not and will not, and will not when operated by Parent, any of its subsidiaries or NI LLC substantially in the same manner following the Closing,

---

[5] A true and correct copy of the Information and Invention Agreement is attached hereto as Exhibit E.
[6] Except were otherwise noted, capitalized terms shall have the same meaning specified in the Transaction Documents.

infringe or misappropriate any IP rights of any Person … or constitute unfair competition or trade practices under the laws of any jurisdiction …

\*\*\*

3.14 <u>Taxes</u>.

(a)    All Tax Returns required to be filed by, or with respect to, the Company or any of its Subsidiaries on or prior to the Effective Date have been timely filed and all Taxes that are due and payable (whether or not shown on any Tax Return) have been timely paid or have been accrued for on the Financial Statements.  Neither the Company nor any of its Subsidiaries is delinquent in the payment of assessment or governmental charge with respect to such Tax Returns.  All federal, state, local and foreign income Tax Returns filed by, or with respect to, the Company or any of its Subsidiaries are true, correct and compete in all material respects….

\*\*\*

3.18 <u>Compliance with Laws</u>.  The Company and its Subsidiaries are, and have been in compliance in all material respects with all Legal Requirements applicable to the Company or any of its Subsidiaries or their operations….

\*\*\*

3.24 <u>Full Disclosure</u>.  None of the representations or warranties made by the Company herein or in the Disclosure Schedule, the other Transaction Documents or any certificate furnished by the Company pursuant to this Agreement, when all such documents are read together in their entirety, contains or will contain any untrue statement of material fact, or omits to state any material fact necessary in order to make the statements contained herein or therein, in light of the circumstances under which made, not misleading.

\*\*\*

3.28 <u>Shareholder Domain Names</u>.  Schedule 3.28 contains a true and complete list of each Domain Name registered in the name of any Shareholder (the "<u>Shareholder Domain Names</u>"). The Shareholder Domain Names have not been acquired using any of the assets of the Company

21.     Shareholders also covenanted to, among other things, the following:

5.1   <u>Expenses</u>.  Whether or not the Transaction is consummated, except as otherwise provided herein, all fees and expenses incurred in connection with the Transaction, including, but not limited to, all legal, accounting, financial, advisory, consulting and all other fees and expenses of third parties incurred by a party in connection with the negotiation and effectuation of the terms and conditions of such Transaction Documents and the Transaction, shall be the obligation of the respective party incurring such fees and expenses; provided, that Shareholders shall pay all fees and expenses of the Company or Shareholders incurred in connection or with, or otherwise arising as a result of, the Transaction Documents and the Transaction....

\*\*\*

5.9   <u>Confidentiality and Assignment Agreements</u>. Shareholders shall take all commercially reasonable measures to obtain confidentiality and assignment agreements in the form acceptable to Parent from each of the current and former employees of the Company who prior to the Closing Date have not signed a form of such agreement...

\*\*\*

5.10 <u>Third Party Consents</u>.  If any of the Required Contents as defined and set forth in Schedule 3.3 are not obtained and delivered by the Company or Shareholders immediately prior to or as of the Closing, but notwithstanding, the Transaction contemplated hereunder is consummated, following the Closing, Shareholders shall take all commercially reasonable measures to obtain such Required Consents from third parties...

22.    In addition to the representations, warranties and covenants, J. Westerdal also agreed to devote his full attention to the business operations after the acquisition and not to compete with TCI.

23.    Specifically, in the Offer Letter J. Westerdal agreed that:

**Obligations to the Company**. During your Employment, you shall devote your full business efforts and time to the Company. During your Employment, without prior written approval of the Company's Chief Executive Officer, you shall not render services in any capacity to any other person or entity and shall not act as a sole proprietor or partner of any other person or entity or own more than five percent of the stock of any other corporation.

24.    Likewise in the Noncompetition Agreement, J. Westerdal acknowledged and agreed that:

C.  As a condition to its willingness to close the Exchange pursuant to the Exchange Agreement, Thought Convergence has required that Stockholder agree, and Stockholder has agreed, to the noncompetition and nonsolicitation covenants and the confidentiality agreements provided in this Agreement.

D.  By his signature below, Stockholder acknowledges and agreed that (a) his execution and delivery of this Agreement is a material inducement for Thought Convergence to enter into the Exchange Agreement and consummate the transactions contemplated thereby and (b) he will receive material financial benefits and other goods and valuable consideration from the Exchange.

\*\*\*

1.    <u>Noncompetition</u>.

(b)    During the period which shall commence at the Closing (as defined in the Exchange Agreement) . . . Stockholder shall not (i) enter into, participate in, provide advisory services in connection with, or otherwise assist with or

be interested economically in the Restricted Business (as defined below) anywhere in the Business Area (as defined below), (ii) directly or indirectly (including without limitation, through any Affiliate (as defined below) of Stockholder, own, manage, operate, control or otherwise engage or participate in, or be connected as an owner, partner, principal, creditor, salesman, guarantor, advisor, member of the board of directors of, employee of or consultant in … (B) any entity or business, division, group, or other subset of any business, engaged (or to Stockholders' knowledge, planning to engage) in the Restricted Business in the Business Area or (iii) make preparations to provide assistance to any Restricted Business or to form a Restricted Business in the Business Area, including but not limited to any research or development efforts aimed at ultimately benefiting a Restricted Business.

25.    On May 2, 2008, the transaction closed and TCI began operating the NIL Businesses as a subsidiary of TCI.

## J. WESTERDAL AND DEFENDANTS' BREACH

26.    Following the transaction close and the integration of the NIL Businesses into TCI, TCI began to uncover material differences between the oral and written representations made and in the Transaction Documents and the reality of the NIL Businesses.

27.    For example, despite assertions that he NIL Businesses were growing year over year and set for explosive and immediate growth, the NIL Businesses produced flat revenues for all of 2008.

28.    Additionally, despite Shareholders' assertions that the net profits from the NIL Businesses would pay for the second and third installments of the purchase price, the net profits were severely deficient to meet that obligation.

29.    Likewise, TCI discovered that Shareholders failed to honor the representations, warranties and covenants in the Securities Exchange Agreement. By way of example, Shareholders did not provide true, accurate and complete Financial Statements in accordance with GAAP and those Financial Statements did

1   not fairly or accurately represent the NIL Businesses' then present financial

2   condition.

3        30.    TCI also discovered that J. Westerdal was shirking his responsibilities,

4   duties and obligations to TCI.  J. Westerdal failed to keep regular business hours,

5   failed to attend strategy and other business meetings and failed to manage

6   employees and clients.  Instead, J. Westerdal would take extended vacations and

7   brag to third parties that he need not attend to his duties as Chief Product Officer of

8   NIL.

9        31.    J. Westerdal also used company assets as his own personal bank

10  account, loaning himself money and giving himself raises without authorization.

11  When challenged, J. Westerdal informed TCI that the purpose of the loan and raise

12  was to bolster his application for a bank loan to purchase his primary residence.

13       32.    TCI remains ready, willing and able to perform by paying the First

14  Post Closing Payment, subject to all off-sets due to Defendants breaches described

15  herein as permitted by sections 6.7 and 6.8 of the Securities Exchange Agreement.

### FIRST CLAIM FOR RELIEF

16

17  Breach of Contract

18  (Against Shareholders)

19       33.    Plaintiffs reallege and incorporate by reference paragraphs 1 though 32

20  above as though fully set forth herein.

21       34.    Plaintiffs have complied with and fully performed its obligations,

22  conditions, covenants and promises required pursuant to the Securities Exchange

23  Agreement, has notified Defendants that it is ready, willing and able to perform, or

24  is otherwise excused from said performance based on the breaches alleged herein.

25       35.    Shareholders have violated their contractual obligations under the

26  Securities Exchange Agreement by, among other things:

27           a)  breaching the representations and warranties in section 3.6 by,

28  among other things:

1          (i)    misrepresenting or omitting material information
2    concerning the financial condition of the NIL Businesses;

3          (ii)    failing to provide a fair and accurate financial condition
4    of the NIL Businesses;

5          (iii)    failing to provide Financial Statements in accordance with
6    GAAP;

7    b) failing to properly account for and pay pre-acquisition tax
8    obligations;

9    c) failing to disclose potential risks and liabilities concerning the use
10   of third party copyright;

11   d) failing to disclose potential risks and liabilities concerning the use
12   of applications on third party computers in connection with information gathering
13   for use with the DomainTools services;

14   e) using TCI funds to make payments to employees under the Stock
15   Right Cancellation Agreements between NII and such employees;

16   f) using TCI funds to pay NII's attorney fees related to the acquisition
17   and attorneys fees related to litigation with Stephen Douglas;

18   g) breaching the representation and warranty in Section 3.28 of the
19   Exchange Agreement that none of the Shareholder Domain Names (as defined in
20   the Exchange Agreement) were acquired using any of the assets of NII;

21   h) breaching the covenant in Section 5.9 of the Exchange Agreement
22   to use commercially reasonable efforts to obtain confidentiality and assignment
23   agreements from current and former employees that had not signed such an
24   agreement as of the closing date; and

25   i) breaching the covenant in Section 5.10 of the Exchange Agreement
26   to use commercially reasonable efforts to obtained all required consents from third
27   parties.

28   36.    As a consequence of Shareholders' breach, Plaintiff has suffered

1    damage in an amount to be proven at trial.

2        37.    Plaintiffs are entitled to offset the remaining Post-Closing Payments as

3    a direct setoff pursuant to section 6.7 of the Security Exchange Agreement.

### SECOND CLAIM FOR RELIEF

#### Breach of Contract

#### (Against J. Westerdal)

7        38.    Plaintiffs reallege and incorporate by reference paragraphs 1 though 37

8    above as though fully set forth herein.

9        39.    Plaintiff has complied with and fully performed its obligations,

10   conditions, covenants and promises required pursuant to the Offer Letter and

11   Noncompetition Agreement with J. Westerdal, has notified J. Westerdal that it is

12   ready, willing and able to perform, or is otherwise excused from said performance

13   based on the breaches alleged herein.

14       40.    J. Westerdal has violated and/or breached his obligations under the

15   Offer Letter and Noncompetition Agreement by, among other things:

16           a)  founding, developing, owning and operating a competing

17   DotMovie company during his employment with TCI;

18           b)  raising $2 to $5 million in capital for the DotMovie company at the

19   same time J. Westerdal was supposed to be devoting his full business effort and

20   time to the company;

21           c)  usurping TCI business opportunities by attending conferences on

22   behalf of TCI, but promoting his own business opportunities, including the

23   DotMovie company;

24           d)  using TCI funds for the benefit of his DotMovie business;

25           e)  unilaterally raising his salary without authorization; and

26           f)  submitting expenses under the guise that they were incurred in

27   connection with TCI's business.

28       41.    In the Noncompetition Agreement, J. Westerdal agreed that breach of

1  "the provisions of this Agreement (including but not limited to those set forth in

2  Section 1(b) below) would cause irreparable harm to Company and Thought

3  Convergence, which harm will not be adequately and fully redressed by the

4  payment of damages to Company and Thought Convergence."

5      42.    As a consequence of J. Westerdal's breaches, Plaintiffs have suffered

6  damages in an amount to be proven at trial.

7      43.    As a consequence of J. Westerdal's breaches, Plaintiffs are also

8  entitled to injunctive relief, enjoining J. Westerdal from wrongfully competing

9  against TCI.

10                    **THIRD CLAIM FOR RELIEF**

11                       Breach of Fiduciary Duty

12                       (Against J. Westerdal)

13      44.    Plaintiffs reallege and incorporate by reference paragraphs 1 though 43

14  above as though fully set forth herein.

15      45.    J. Westerdal was at all relevant times an officer and board of director

16  member of TCI and NIL.  As such, J. Westerdal owed TCI and NIL duties of

17  loyalty and a fiduciary duties to, among other things, act in good faith and in a

18  manner that benefits TCI and NIL and not to act for those whose interests,

19  including J. Westerdal's own, conflict with TCI and NIL.  Due to such duties, J

20  Westerdal was and is prohibited from competing with TCI and NIL or attempting to

21  appropriate TCI's or NIL's business or profits for his own personal benefit.

22      46.    By the actions alleged herein, J. Westerdal breached that duty of

23  loyalty and fiduciary duty to TCI and NIL.

24      47.    As a consequence of J. Westerdal's breach, Plaintiffs have suffered

25  damages in an amount to be proven at trial.

26      48.    J. Westerdal engaged in the foregoing conduct maliciously and with

27  the intent of injuring TCI and NIL and/or with knowing indifference to the

28  likelihood that this conduct would injure TCI and NIL.  Plaintiffs therefore requests

1  an award of exemplary damages in an amount sufficient to punish J. Westerdal for
2  his conduct.

### FOURTH CLAIM FOR RELIEF

Breach of the Covenant of Good Faith and Fair Dealing

(Against Shareholders)

6      49.    Plaintiffs reallege and incorporate by reference paragraphs 1 though 48
7  above as though fully set forth herein.

8      50.    California law implies a covenant of good faith and fair dealing in all
9  contracts between parties entered in the State of California.

10      51.    As a result of the actions set forth hereinabove, Defendants breached
11  the covenant of good faith and fair dealing implied in the Transaction Documents,
12  and as  a result thereof, Plaintiffs are entitled to damages as prayed.

### FIFTH CLAIM FOR RELIEF

Accounting

(Against J. Westerdal)

16      52.    Plaintiffs reallege and incorporate by reference paragraphs 1 through
17  51 above as though fully set forth herein.

18      53.    J. Westerdal covenanted in the Securities Exchange Agreement that he
19  expended $430,000 in connection with the legitimate business expenses for the
20  Company.

21      54.    Plaintiffs are entitled to an Accounting to determine if those
22  expenditures were in fact legitimate business expenses.

23      55.    Plaintiffs seek an Order form the Court for such an accounting, access
24  to J. Westerdal's book and records, and the issuance of tax and financial
25  information concerning those expenditures.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1.     Judgment in favor of Plaintiffs as to all causes of action;

2.     Compensatory damages, as well as incidental and consequential damages in a sum according to proof;

3.     Exemplary damages according to proof at trial,

4.     For an injunction, enjoining J. Westerdal from wrongfully competing against TCI or NIL or otherwise breaching is obligations and duties to TCI and NIL;

5.     For an Order that an appropriate accounting be made, access be provided to all appropriate books and records of J. Westerdal and J. Westerdal's financial and tax documents be issued;

6.     For an award of reasonable attorneys' fees as authorized by section 7.12 of the Securities Exchange Agreement and applicable statutory provisions;

7.     For costs of suit herein incurred, and

8.     For such other and further relief as the Court deems proper.

Dated:     May 1, 2009              KENT B. GOSS
                                    CHRISTOPHER J. CHAUDOIR
                                    ORRICK HERRINGTON & SUTCLIFFE LLP


                                    _____
                                    CHRISTOPHER J. CHAUDOIR
                                    Attorneys for Plaintiff
                                    THOUGHT CONVERGENCE, INC. and
                                    NAME INTELLIGENCE, INC.

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated:        May 1, 2009                   KENT B. GOSS
                                            CHRISTOPHER J. CHAUDOIR
                                            ORRICK HERRINGTON & SUTCLIFFE LLP


                                            _____
                                            CHRISTOPHER J. CHAUDOIR
                                            Attorneys for Plaintiff
                                            THOUGHT CONVERGENCE, INC. and
                                            NAME INTELLIGENCE, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV09- 3088 RSWL (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

KENT B. GOSS (SBN 131499) kgoss@orrick.com
CHRISTOPHER J. CHAUDOIR (SBN 198444)
ORRICK HERRINGTON & SUTCLIFFE LLP
777 S. Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020 Facsimile (213) 612-2499

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

THOUGHT CONVERGENCE, INC., a
Delaware corporation, and NAME INTELLIGENCE,
LLC, a Delaware limited liability company,        PLAINTIFF(S)

v.

JAY WESTERDAL, an individual; PER WESTERDAL,
an individual; RAY BERO, an individual, CAMERON JONES,
an individual; and DOES 1 through 16        DEFENDANT(S).

CASE NUMBER

CV09-3088 RGK (AJWx)

**SUMMONS**

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _____, whose address is 777 S. Figueroa Street, Suite 3200, Los Angeles, CA 90017 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _MAY - 1 2009_____

By: _Natalie Hongeria_____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| THOUGHT CONVERGENCE, INC., a Delaware corporation<br>NAME INTELLIGENCE, LLC, a Delaware limited liability company | JAY WESTERDAL, an individual; PER WESTERDAL, an individual; RAY BERO, an individual; CAMERON JONES, an individual; and DOES 1 through 10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| KENT B. GOSS / ORRICK HERRINGTON & SUTCLIFFE LLP<br>777 S. Figueroa Street, Suite 3200<br>Los Angeles, CA  90017        Telephone:  (213) 629-2020 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes    ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No        ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☑ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV09-3088

FOR OFFICE USE ONLY:    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| THOUGHT CONVERGENCE, INC. - LOS ANGELES<br>NAME INTELLIGENCE, LLC - LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | JAY WESTERDAL-Washington<br>PER WESTERDAL-Washington      RAY BERO-Washington<br>CAMERON JONES-Washington |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| CA county | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date May 1, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |