# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| THOUGHT CONVERGENCE, INC., a Delaware Corporation and NAME INTELLIGENCE, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JAY WESTERDAL, an individual; PER WESTERDAL, an individual; RAY BERO, an individual; CAMERON JONES, an individual; NAME INTELLIGENCE, INC., a Washington corporation; and DOTMOVIE, an unknown entity,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. CV 09-3088-R(AJWx)<br><br>**PROTECTIVE ORDER GOVERNING USE AND DISCLOSURE OF CONFIDENTIAL AND PROPRIETARY INFORMATION, PER FED. R. CIV. P. 26(c)(1)(G)**<br><br>Judge:    Hon. Manuel L. Real |

1  The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive, privacy, and other reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c)(1)(G):

## DEFINITIONS

1. The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, testimony from previous trials, deposition testimony, transcripts of depositions, and trial transcripts from previous trials, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through

1  detection devices; sketches; drawings; notes (including laboratory notebooks and
2  records); reports; instructions; disclosures; other writings; models and prototypes
3  and other physical objects.

4    3. The term "counsel" shall mean outside counsel of record, and other
5  attorneys, paralegals, secretaries, and other support staff employed in the law firms
6  of Orrick, Herrington & Sutcliffe LLP, Pillsbury Winthrop Shaw Pittman LLP, and
7  Holmquist & Gardiner PLLC.

## GENERAL RULES

9    4. Each party to this litigation that produces or discloses any materials,
10 answers to interrogatories, responses to requests for admission, testimony from
11 previous trials, deposition testimony, and transcripts of depositions, trial transcripts
12 from previous trials, or information that the producing party believes should be
13 subject to this Protective Order may designate the same as "CONFIDENTIAL" or
14 "CONFIDENTIAL - FOR COUNSEL ONLY."

15   a. Designation as "CONFIDENTIAL": Any party may designate
16    information as "CONFIDENTIAL" only if, in the good faith belief of
17    such party and its counsel, the unrestricted disclosure of such
18    information could be potentially prejudicial to the business or
19    operations of such party.

20   b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any
21    party may designate information as "CONFIDENTIAL - FOR
22    COUNSEL ONLY" only if, in the good faith belief of such party and
23    its counsel, the information is among that considered to be most
24    sensitive by the party, including but not limited to trade secret or other
25    confidential research, development, financial or other commercial
26    information.

27   5. The designation of information as either "CONFIDENTIAL" or
28 "CONFIDENTIAL - FOR COUNSEL ONLY" shall be made by affixing a legend

to each page thereof indicating that information contained within or disclosed on the page of the document is "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as the case may be.

6. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

7. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY;"

    b. the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

     c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.  Filing deposition transcripts under seal with the Court, however, does not affect how Confidential Information is treated at trial.  Specifically, deposition testimony offered in lieu of trial testimony need not necessarily be sealed simply because the deposition transcript was filed under seal.   Rather, it is up to the discretion of the Court how Confidential Information is treated at trial.  <u>See</u> paragraph 22.

8. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

9. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this paragraph. The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court.  The party seeking approval of an independent expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert.  Any objection by the producing party to an independent expert receiving

Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts shall not be unreasonably withheld.

10. Information designated "CONFIDENTIAL" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

　　a. Individual parties to this action;

　　b. Executives who are required to participate in policy decisions with reference to this action;

　　c. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

　　d. The Court and its supporting personnel;

　　e. Anyone so authorized by prior written consent of the party designating the material as Confidential Information; and

　　f. Stenographic and clerical employees associated with the individuals identified above.

11. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

12. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel

1  for the receiving party identified in paragraph 3, except that independent experts
2  authorized to view such information under the terms of this Order may retain
3  custody of copies such as are necessary for their participation in this litigation.
4        13.    Before any materials produced in discovery, answers to
5  interrogatories, responses to requests for admissions, deposition transcripts, or other
6  documents which are designated as Confidential Information are filed with the
7  Court for any purpose, the party seeking to file such material shall seek permission
8  of the Court to file said material under seal. The parties will follow and abide by
9  applicable law, including Local Civil Rule 79-5, with respect to filing documents
10 under seal in this Court.
11       14.    Nothing in this Protective Order shall be construed in any manner as
12 an admission or concession by any party that the information designated hereunder
13 is, in fact, confidential, proprietary, trade secret or otherwise protectable.  At any
14 stage of these proceedings, any party may object to a designation of the materials as
15 Confidential Information.  Any party to this Protective Order may challenge the
16 designations made by any producing party of such information, and shall give the
17 producing party prior notice of any such challenge pursuant to Local Rule 37-1.
18 The producing and challenging party or parties shall conduct the pre-filing
19 conference of counsel in a good faith attempt to resolve the issue within seven (7)
20 business days of giving notice of such challenge, unless otherwise mutually agreed.
21 If unresolved, and if the challenging party wishes to further challenge the
22 confidentiality designation, the parties shall proceed to prepare the joint stipulation
23 pursuant to Local Rule 37-2 and submit the question to the Court.  The party
24 wishing to maintain the confidentiality of such information shall bear the
25 substantive burden of establishing the protected status of the information to the
26 Court.  If the challenging party fails to provide the producing party with its portion
27 of the stipulation within seven (7) business days following completion of the meet
28 and confer, unless a different time period is agreed to, the designation made by the

1  producing party shall not be subject to further challenge by the challenging party.
2  If a timely challenge pursuant to this paragraph is not pending at the time of final
3  termination of this action, the designation made by the producing party shall not be
4  subject to further challenge by any party.  The materials at issue shall be treated as
5  Confidential Information, as designated by the designating party, until the Court
6  has ruled on the objection or the matter has been otherwise resolved.

7       15.   All Confidential Information shall be held in confidence by those
8  inspecting or receiving it, and shall be used only for purposes of this action.
9  Counsel for each party, and each person receiving Confidential Information shall
10 take reasonable precautions to prevent the unauthorized or inadvertent disclosure of
11 such information.  If Confidential Information is disclosed to any person other than
12 a person authorized by this Order, the party responsible for the unauthorized
13 disclosure must immediately bring all pertinent facts relating to the unauthorized
14 disclosure to the attention of the other parties and, without prejudice to any rights
15 and remedies of the other parties, make every effort to prevent further disclosure by
16 the party and by the person(s) receiving the unauthorized disclosure.

17       16.   No party shall be responsible to another party for disclosure of
18 Confidential Information under this Order if the information in question is not
19 labeled or otherwise identified as such in accordance with this Order.

20       17.   If a party, through inadvertence, produces any Confidential
21 Information without labeling or marking or otherwise designating it as such in
22 accordance with this Order, the designating party may give written notice to the
23 receiving party that the document or thing produced is deemed Confidential
24 Information, and that the document or thing produced should be treated as such in
25 accordance with that designation under this Order. The receiving party must treat
26 the materials as confidential, once the designating party so notifies the receiving
27 party. If the receiving party has disclosed the materials before receiving the
28 designation, the receiving party must notify the designating party in writing of each

such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

18. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

19. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

20. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence or the right of any party to be present throughout the trial.

22. The Court shall determine at the time of trial how Confidential Information shall be handled, consistent with the purposes of this Order.

23. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

24. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable

1  media on which it resides.  Notwithstanding the foregoing, counsel for each party
2  may retain all pleadings, briefs, memoranda, motions, and other documents filed
3  with the Court that refer to or incorporate Confidential Information, and will
4  continue to be bound by this Order with respect to all such retained information.
5  Further, attorney work product materials that contain Confidential Information need
6  not be destroyed, but, if they are not destroyed, the person in possession of the
7  attorney work product will continue to be bound by this Order with respect to all
8  such retained information.

9  25.  The restrictions and obligations set forth herein shall not apply to any
10  information that: (a) the parties agree should not be designated Confidential
11  Information; (b) the parties agree, or the Court rules, is already public knowledge;
12  (c) the parties agree, or the Court rules, has become public knowledge other than as
13  a result of disclosure by the receiving party, its employees, or its agents in violation
14  of this Order; or (d) has come or shall come into the receiving party's legitimate
15  knowledge independently of the production by the designating party. Prior
16  knowledge must be established by preproduction documentation.

17  26.  The restrictions and obligations herein shall not be deemed to prohibit
18  discussions of any Confidential Information with anyone if that person already has
19  or obtains legitimate possession thereof.

20  27.  Transmission by facsimile is acceptable for all notification purposes
21  herein.

22  28.  This Order may be modified by agreement of the parties, subject to
23  approval by the Court.

24  29.  The Court may modify the terms and conditions of this Order for good
25  cause, or in the interest of justice, or on its own order at any time in these

proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED this 2nd day of December 2009

_____
Hon. Manuel L. Real

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THOUGHT CONVERGENCE, INC., a Delaware Corporation and NAME INTELLIGENCE, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JAY WESTERDAL, an individual; PER WESTERDAL, an individual; RAY BERO, an individual; CAMERON JONES, an individual; NAME INTELLIGENCE, INC., a Washington corporation; and DOTMOVIE, an unknown entity,<br><br>Defendants. | Case No. CV 09-3088-R(AJWx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Judge:   Hon. Manuel L. Real |

I, _____ , declare and say that:

  1.   I am employed as _____

by _____.

OHS West:260777547.2     - 11 -     [PROPOSED] PROTECTIVE ORDER
CV 09-0408-SJO(RZx)

2. I have received a copy of and read the Protective Order entered in *Thought Convergence, Inc. et al. v. Westerdal et al.*, Case No. CV09-3088-R(AJWx).

3. I promise that I will use any and all "Confidential" or "Confidential - For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

5. I understand that any disclosure or use of "Confidential" or "Confidential – For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Signature: _____