1   HOLMQUIST & GARDINER PLLC
2   HAMILTON H. GARDINER #249038
    hamilton@lawhg.net
    1000 Second Avenue, Suite 1770
3   Seattle, WA 9 8104
    Telephone:  (206) 438-9116
4   Facsimile:  (206) 694-4601

5   PILLSBURY WINTHROP SHAW PITTMAN LLP
    ROBERT L. WALLAN #126480
6   robert.wallan@pillsburylaw.com
    MARIAH L. BRANDT #224076
7   mariah.brandt@pillsburylaw.com
    725 South Figueroa Street, Suite 2800
8   Los Angeles, CA  90017-5406
    Telephone:  (213) 488-7100
9   Facsimile:  (213) 629-1033

10  Attorneys for Defendants and CounterClaimants
    NAME INTELLIGENCE, INC. and JAY WESTERDAL
11  and Defendants PER WESTERDAL and RAY BERO

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14                  WESTERN DIVISION

15

16  THOUGHT CONVERGENCE, INC.,        )  No. CV-09-03088 R (AJWx)
    a Delaware Corporation and NAME   )
17  INTELLIGENCE, LLC, a Delaware     )  DEFENDANTS AND
    limited liability company,        )  COUNTERCLAIMANTS NAME
18                                    )  INTELLIGENCE, INC. AND JAY
                                      )  WESTERDAL'S FIRST
19                      Plaintiffs,   )  AMENDED COUNTERCLAIMS
                                      )  FOR BREACH OF CONTRACT
20          vs.                       )
                                      )  DEMAND FOR JURY TRIAL
21  JAY WESTERDAL, an individual;     )
    PER WESTERDAL, an individual;     )  CrtRm:   8
22  RAY BERO, an individual;          )  Judge:    Manuel L. Real
    CAMERON JONES, an individual;     )
23  and NAME INTELLIGENCE, INC., a    )
    Washington corporation; DOTMOVIE, )
24  an unknown entity,                )
                                      )
25  _____Defendants.)

26

27

28

601063263v1                    - 1 -              Case No. CV-09-03088 R (AJWX)
            DEFENDANTS AND COUNTERCLAIMANTS' FIRST AMENDED COUNTERCLAIMS

1

2

3

4

5

6

7

8

NAME INTELLIGENCE, INC., a
Washington corporation; and JAY
WESTERDAL, an individual;

        Counterclaimants,

vs.

THOUGHT CONVERGENCE, INC.,
a Delaware Corporation and NAME
INTELLIGENCE, LLC, a Delaware
limited liability company

        Counterdefendants.

9

10

11

12

13

      Defendants and counterclaimants Name Intelligence, Inc. ("Name
Intelligence") and Jay Westerdal ("J. Westerdal") (collectively
"Counterclaimants") hereby demand a jury trial on their first amended
counterclaims and allege as follows:

14

### INTRODUCTION

15

16

17

18

19

      1.    This case involves the enforcement of a Securities Exchange
Agreement (the "Agreement"), entered into between Name Intelligence and
Thought Convergence, Inc. ("TCI") on or about May 2, 2008 and an Offer
Letter, entered into between J. Westerdal and Name Intelligence, LLC ("NIL")
on or about May 28, 2008.

20

21

22

23

24

      2.    TCI breached the Agreement by failing to make a timely payment
for $5 million to Name Intelligence and a timely payment for $430,000 plus
interest to J. Westerdal on May 2, 2009.  TCI further breached the Agreement
by failing to implement a non-discriminatory Equity Incentive Plan as required
by the Agreement.

25

### JURISDICTION AND VENUE

26

27

      3.    Jurisdiction is proper under 28 U.S.C. § 1332(c) because
counterdefendants TCI and NIL are citizens of different states than

28

1    Counterclaimants and the amount in controversy exceeds $75,000 exclusive of

2    interest and costs.

3        4.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(2) as a

4    substantial amount or part of the events or omissions giving rise to this action

5    occurred within this district.  Venue is also proper based on section 7.11 of the

6    Agreement, which requires that any action arising out of or relating to the

7    Agreement be brought in the State of California, County of Los Angeles.

8                                     **THE PARTIES**

9        5.      Counterclaimant and defendant Name Intelligence is, and all

10    relevant times herein mentioned was, a corporation duly organized pursuant to

11    the laws of the state of Washington, with its principal place of business in

12    Mercer Island, Washington.

13        6.      Counterclaimant and defendant J. Westerdal is an individual

14    residing in Mercer Island, Washington.  J. Westerdal is the co-founder, CEO

15    and President of Name Intelligence.

16        7.      Counterdefendant and plaintiff TCI is, and at all relevant times

17    mentioned herein was, a corporation duly organized pursuant to the laws of

18    the state of Delaware, with its principal place of business in Los Angeles,

19    California.  TCI is a provider of domain management, monetization and

20    development tools and technologies for domain owners and aggregators of

21    domain portfolios.

22        8.      Counterdefendant and plaintiff NIL is, and all relevant times

23    mentioned herein was, a limited liability company organized in the state of

24    California with citizenship in California.

25

26

27

28

## THE TRANSACTION

9.      On or around November of 2007, TrafficZ (TCI's predecessor in interest) approached Name Intelligence regarding a possible merger between the companies or an outright acquisition.

10.      Negotiations continued between Name Intelligence and TrafficZ for the next six months until a deal was finally reached.

11.      On or about May 2, 2008, the Agreement was executed between Name Intelligence, the newly formed parent company, TCI, and TrafficZ.

12.      The Agreement provided that all of the shares and assets of Name Intelligence would be acquired by TCI in exchange for $16 million to be paid in three installments and approximately 15.3% of the outstanding shares of TCI.

13.      TCI paid Name Intelligence the initial payment of $6 million upon executing the Agreement.  Under the Agreement, TCI was required to make two subsequent payments of $5 million each to Name Intelligence on May 2, 2009 and May 2, 2010.

14.      Under the Agreement, TCI was required to create a non-discriminatory Equity Incentive Plan (the "EIP") prior to the execution of the Agreement.

15.      Counterclaimants have performed all of their obligations under the Agreement.

## FIRST CAUSE OF ACTION

### (Breach of Contract for Failure to Pay)

16.      The allegations of Paragraphs 1 through 15 are incorporated herein by reference.

17.    On or about May 2, 2008, Name Intelligence and TCI entered into the Agreement.  Under the Agreement, Name Intelligence agreed to transfer all of its stock and assets to TCI.

18.    Under the Agreement, TCI agreed to pay Name Intelligence $16 million, in three installments, and approximately 15.3% of the outstanding shares of TCI.

19.    Pursuant to the Agreement, Name Intelligence transferred all of its stock and assets to TCI and further performed its other responsibilities, if any, as required under the Agreement.

20.    In breach of the Agreement, TCI failed to timely pay the first installment of $5 million to Name Intelligence on May 2, 2009.

21.    TCI made a partial late payment of $4 million on or around May 8, 2009.  TCI made an additional late payment of $1.5 million on or around May 26, 2009.  TCI has not provided any accounting to explain the precise amount paid.

22.    As a direct and proximate result of TCI's failure to pay the amounts owed on time, Name Intelligence has suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Breach of Contract for Failure to Properly

### Implement Non-Discriminatory Equity Incentive Plan)

23.    The allegations of Paragraphs 1 through 22 are incorporated herein by reference.

24.    As part of the Agreement, TCI was required to create a non-discriminatory Equity Incentive Plan ("EIP") prior to the execution of the Agreement.

1    25.    In breach of the Agreement, TCI failed to properly form and

2 implement the non-discriminatory EIP in accordance with the Agreement.

3    26.    As a direct and proximate result of TCI's failure to form the EIP

4 in accordance with the Agreement, Counterclaimants have suffered, and

5 continues to suffer, damages in addition to interest and other incidental and

6 consequential damages in an amount to be proven at trial.

7                        **THIRD CAUSE OF ACTION**

8                  **(Breach of Contract for Failure to Pay)**

9    27.    The allegations of Paragraphs 1 through 26 are incorporated

10 herein by reference.

11    28.    As part of the Agreement, TCI agreed to pay J. Westerdal

12 $430,000, plus 8% interest, on May 2, 2009.  TCI failed to pay this amount

13 when due.

14    29.    On or around May 26, 2009, TCI made a late payment of

15 additional amounts but never provided an accounting to explain the precise

16 amount paid and to whom it was directed.

17    30.    Counterclaimants performed all of their obligations under the

18 Agreement, or were excused from doing so because of TCI's breaches.

19    31.    As a direct and proximate result of TCI's failure to pay J.

20 Westerdal in accordance with the Agreement, J. Westerdal has suffered, and

21 continues to suffer, damages in addition to interest and other incidental and

22 consequential damages in an amount to be proven at trial.

23                        **PRAYER FOR RELIEF**

24    WHEREFORE, Counterclaimants pray for judgment as follows:

25    1.    Judgment in favor of Counterclaimants as to all counterclaims;

26    2.    Compensatory damages, as well as all incidental and

27 consequential damages in an amount to be proven at trial;

28

1        3.    An award of attorney's fees and costs as authorized by section

2    7.12 of the Securities Exchange Agreement and applicable statutory

3    provisions; and

4        4.    For such other and further relief as the Court deems proper.

5    Dated:  January 19, 2010

6        HOLMQUIST & GARDINER PLLC
         HAMILTON H. GARDINER

7        PILLSBURY WINTHROP SHAW

8        PITTMAN LLP
         ROBERT L. WALLAN

9        MARIAH L. BRANDT

10       By

11                    Mariah L. Brandt
         Attorneys for Defendants and Counter-

12       claimant NAME INTELLIGENCE, INC. and
         JAY WESTERDAL and Defendants PER

13       WESTERDAL and RAY BERO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Demand for Trial By Jury

2

Counterclaimants Name Intelligence, Inc. and Jay Westerdal demand a

3

trial by jury pursuant to Federal Rule of Civil Procedure 38 for all issues that

4

are triable by jury in the above captioned action.

5

Dated:  January 19, 2010

6

7

HOLMQUIST & GARDINER PLLC
HAMILTON H. GARDINER

8

PILLSBURY WINTHROP SHAW

9

PITTMAN LLP
ROBERT L. WALLAN
MARIAH L. BRANDT

10

11

12

By _____
Mariah L. Brandt

13

Attorneys for Defendants and
Counterclaimants NAME INTELLIGENCE,

14

INC. and JAY WESTERDAL and Defendants
PER WESTERDAL and RAY BERO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Docket No. CV-09-03088 R (AJWx)

<u>PROOF OF SERVICE</u>

I am employed in the State of California, in the office of a member of the bar of this Court, at whose direction the service is made. I am over the age of eighteen years, and not a party to the within action. My business address is Pillsbury Winthrop Shaw Pittman LLP, 725 South Figueroa Street, Suite 2800, Los Angeles, CA 90017-5406. On January 19, 2010, I serve the document titled **DEFENDANTS AND COUNTERCLAIMANTS NAME INTELLIGENCE, INC. AND JAY WESTERDAL'S FIRST AMENDED COUNTERCLAIMS FOR BREACH OF CONTRACT AND DEMAND FOR JURY TRIAL** on the parties in this action as follows:

Kent B. Goss, Esq.
Christopher J. Chaudoir, Esq.
Dimitrios V. Korovilas, Esq.
Orrick, Herrington & Sutcliffe LLP
777 S. Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855

☒ **(BY MAIL)** I cause each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles, CA. I am readily familiar with the practice of Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error to the numbers listed above.

☐ **(BY EMAIL TRANSMISSION)** The above-referenced document is transmitted via electronic transmission to the persons at the electronic-email addresses indicated above.

☐ **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized by _____ to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed forthwith.

600825114v3

☐    **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by_____ for overnight delivery.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of January, 2010, at Los Angeles, California.

_____
Sherette W. Duffus

600825114v3

2