# EXHIBIT B

# NAME INTELLIGENCE, LLC

May 2, 2008

Jay Westerdal
12806 SE 22nd PL.
Bellevue, WA 98005

Re:    **OFFER LETTER**

Dear Jay:

From and after the date hereof, your employment by Name Intelligence LLC., a Delaware limited liability company (the "Company") shall be governed by the following terms and conditions (this "Offer Letter"):

1.    **Duties and Scope of Employment.**

(a)    **Position.** For the term of your employment under this Offer Letter (your "Employment"), the Company agrees to employ you in the position of President or in such other position as the Company subsequently may assign to you. You will perform the duties and have the responsibilities and authority customarily performed and held by an employee in your position or as otherwise may be assigned or delegated to you by the Company's Chief Executive Officer.

(b)    **Obligations to the Company.** During your Employment, you shall devote your full business efforts and time to the Company. During your Employment, without the prior written approval of the Company's Chief Executive Officer, you shall not render services in any capacity to any other person or entity and shall not act as a sole proprietor or partner of any other person or entity or own more than five percent of the stock of any other corporation. Notwithstanding the foregoing, you may (i) serve on corporate, civic or charitable boards or committees, deliver lectures, fulfill speaking engagements, teach at educational institutions or manage personal investments without such advance written consent, and (ii) own more than five percent of the stock of another corporation or engage in other non-competitive business activities with advanced written notice, provided that such activities do not individually or in the aggregate interfere with the performance of your duties under this Offer Letter. You shall comply with the Company's policies and rules, as they may be in effect from time to time during your Employment.

(c)    **No Conflicting Obligations.** You represent and warrant to the Company that you are under no obligations or commitments, whether contractual or otherwise, that are inconsistent with your obligations under this Offer Letter. In connection with your Employment, you shall not use or disclose any trade secrets or other proprietary information or intellectual

OHS West:260424611.2

**EXHIBIT B  Page 125**

property in which you or any other person has any right, title or interest and your Employment will not infringe or violate the rights of any other person. You represent and warrant to the Company that you have returned all property and confidential information belonging to any prior employer.

2. **Cash and Incentive Compensation.**

(a) **Salary.** The Company shall pay you as compensation for your services an initial base salary at a gross annual rate of $120,000. Such salary shall be payable in accordance with the Company's standard payroll procedures. The annual compensation specified in this subsection (a), together with any modifications in such compensation that the Company may make from time to time, is referred to in this Offer Letter as "Base Salary." The Board or any Compensation Committee of the Board shall review your Base Salary at least annually. Effective as of the date of any change to your Base Salary, the Base Salary as so changed shall be considered the new Base Salary for all purposes of this Offer Letter.

3. **Vacation/PTO and Employee Benefits.** During your Employment, you shall be eligible to accrue up to 3 weeks of paid vacation / paid time off, pro-rated for the remainder of this calendar year, in accordance with the Company's vacation / paid time off policy, as it may be amended from time to time. During your Employment, you shall be eligible to participate in the employee benefit plans maintained by the Company and generally available to similarly situated employees of the Company, subject in each case to the generally applicable terms and conditions of the plan in question and to the determinations of any person or committee administering such plan.

4. **Business Expenses.** The Company will reimburse you for your necessary and reasonable business expenses incurred in connection with your duties hereunder upon presentation of an itemized account and appropriate supporting documentation, all in accordance with the Company's generally applicable policies.

5. **Termination.**

(a) **Employment at Will.** Your Employment shall be "at will," meaning that either you or the Company shall be entitled to terminate your Employment at any time and for any reason, with or without cause. Any contrary representations that may have been made to you shall be superseded by this Offer Letter. This Offer Letter shall constitute the full and complete agreement between you and the Company on the "at-will" nature of your Employment, which may only be changed in an express written agreement signed by you and a duly authorized officer of the Company.

(b) **Rights Upon Termination.** Upon the termination of your Employment, you shall only be entitled to the compensation and benefits earned and the reimbursements described in this Offer Letter for the period preceding the effective date of the termination.

6. **Non-Solicitation.** During the period commencing on the date of this Offer Letter and continuing until the first anniversary of the date when your Employment terminated for any reason, you shall not directly or indirectly, personally or through others, solicit or attempt to solicit (on your own behalf or on behalf of any other person or entity) either (i) any employee or

-2-

any consultant of the Company or any of the Company's affiliates or (ii) the business of any customer of the Company or any of the Company's affiliates.

      7.     **Successors.**

      (a)     **Company's Successors.** This Offer Letter shall be binding upon any successor (whether direct or indirect and whether by purchase, lease, merger, consolidation, liquidation or otherwise) to all or substantially all of the Company's business and/or assets. For all purposes under this Offer Letter, the term "Company" shall include any successor to the Company's business or assets that becomes bound by this Offer Letter.

      (b)     **Your Successors.** This Offer Letter and all of your rights hereunder shall inure to the benefit of, and be enforceable by, your personal or legal representatives, executors, administrators, successors, heirs, distributees, devisees and legatees.

      8.     **Miscellaneous Provisions.**

      (a)     **Notice.** Notices and all other communications contemplated by this Offer Letter shall be in writing and shall be deemed to have been duly given when personally delivered or when mailed by U.S. registered or certified mail, return receipt requested and postage prepaid. In your case, mailed notices shall be addressed to you at the home address that you most recently communicated to the Company in writing. In the case of the Company, mailed notices shall be addressed to its corporate headquarters, and all notices shall be directed to the attention of its Secretary.

      (b)     **Modifications and Waivers.** No provision of this Offer Letter shall be modified, waived or discharged unless the modification, waiver or discharge is agreed to in writing and signed by you and by an authorized officer of the Company (other than you). No waiver by either party of any breach of, or of compliance with, any condition or provision of this Offer Letter by the other party shall be considered a waiver of any other condition or provision or of the same condition or provision at another time.

      (c)     **Whole Offer Letter.** No other agreements, representations or understandings (whether oral or written and whether express or implied) which are not expressly set forth in this Offer Letter have been made or entered into by either party with respect to the subject matter hereof. This Offer Letter contains the entire understanding of the parties with respect to the subject matter hereof.

      (d)     **Withholding Taxes.** All payments made under this Offer Letter shall be subject to reduction to reflect taxes or other charges required to be withheld by law.

      (e)     **Choice of Law and Severability.** This Offer Letter shall be interpreted in accordance with the laws of the State of Washington without giving effect to provisions governing the choice of law. If any provision of this Offer Letter becomes or is deemed invalid, illegal or unenforceable in any applicable jurisdiction by reason of the scope, extent or duration of its coverage, then such provision shall be deemed amended to the minimum extent necessary to conform to applicable law so as to be valid and enforceable or, if such provision cannot be so amended without materially altering the intention of the parties, then such provision shall be

stricken and the remainder of this Offer Letter shall continue in full force and effect. If any provision of this Offer Letter is rendered illegal by any present or future statute, law, ordinance or regulation (collectively, the "Law") then that provision shall be curtailed or limited only to the minimum extent necessary to bring the provision into compliance with the Law. All the other terms and provisions of this Offer Letter shall continue in full force and effect without impairment or limitation.

(f) **No Assignment.** This Offer Letter and all of your rights and obligations hereunder are personal to you and may not be transferred or assigned by you at any time. The Company may assign its rights under this Offer Letter to any entity that assumes the Company's obligations hereunder in connection with any sale or transfer of all or a substantial portion of the Company's assets to such entity.

(g) **Counterparts.** This Offer Letter may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

*[Signature Page Follows]*

To indicate your acceptance of this Offer Letter, please sign and date this letter in the space provided below and return it to me.

Very truly yours,

NAME INTELLIGENCE, LLC

By: _____
            (Signature)

Name: ___AMMAR KUBBA___

Title: ___COO___

ACCEPTED AND AGREED:

_____
Jay Westerdal

OHS West:260424611.2

**EXHIBIT B  Page 129**