KENT B. GOSS (State Bar No. 131499)
kgoss@orrick.com
CHRISTOPHER J. CHAUDOIR (State Bar No. 198444)
cchaudoir@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for Plaintiffs and Counterdefendants
THOUGHT CONVERGENCE, INC. and
NAME INTELLIGENCE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOUGHT CONVERGENCE, INC., a Delaware Corporation and NAME INTELLIGENCE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JAY WESTERDAL, an individual; PER WESTERDAL, an individual; RAY BERO, an individual; CAMERON JONES, an individual; NAME INTELLIGENCE, INC., a Washington corporation; and DOTMOVIE, an unknown entity,<br><br>Defendants. | Case No. CV 09-3088-R(AJWx)<br><br>**PLAINTIFFS THOUGHT CONVERGENCE, INC. AND NAME INTELLIGENCE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COUNTERCLAIMS**<br><br>Honorable Manuel L. Real<br>Courtroom 8 |
| NAME INTELLIGENCE, INC., a Washington corporation; and JAY WESTERDAL,<br><br>Counterclaimants,<br><br>v.<br><br>THOUGHT CONVERGENCE, INC., a Delaware corporation and NAME INTELLIGENCE, LLC, a Delaware limited liability company,<br><br>Counterdefendants. | |

Plaintiffs and Counterdefendants Thought Convergence, Inc. and Name Intelligence, LLC ("Plaintiffs") hereby answer Counterclaimants Name Intelligence, Inc. and Jay Westerdal's First Amended Counterclaim as follows:

## INTRODUCTION

1. Answering paragraph 1 of the First Amended Counterclaim, Plaintiffs admit that this case concerns, among other things, the enforcement of a Securities and Exchange Agreement (the "Agreement"), entered into between Name Intelligence and Thought Convergence, Inc. on or about May 2, 2008. Except as so admitted, Plaintiffs deny each and every allegation contained in paragraph 1.

2. Answering paragraph 2 of the First Amended Counterclaim, Plaintiffs deny each and every allegation contained in paragraph 2.

## JURISDICTION AND VENUE

3. Answering paragraph 3 of the First Amended Counterclaim, Plaintiffs admit that Plaintiffs are citizens of different states than Counterclaimant. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of whether Counterclaimants' allegations exceed $75,000 exclusive of interest and costs but admit that Plaintiffs' claims exceed that amount.

4. Answering paragraph 4 of the First Amended Counterclaim, Plaintiffs admit the allegations contained in paragraph 4.

## THE PARTIES

5. Answering paragraph 5 of the First Amended Counterclaim, Plaintiffs are informed and believe the allegations to be true and, on that basis, admit the allegations contained in paragraph 5.

6. Answering paragraph 6 of the First Amended Counterclaim, Plaintiffs are informed and believe the allegations to be true and, on that basis, admit the allegations contained in paragraph 6.

7. Answering paragraph 7 of the First Amended Counterclaim, Plaintiffs admit the allegations contained in paragraph 7.

CV 09-3088-R(AJWx)

8.      Answering paragraph 8 of the First Amended Counterclaim, Plaintiffs admit the allegations contained in paragraph 8.

### THE TRANSACTION

9.      Answering paragraph 9 of the First Amended Counterclaim, Plaintiffs admit that in or around October 2007, TrafficZ approached Name Intelligence to discuss business opportunities, including possible merger between the companies or an outright acquisition. Except as so admitted, Plaintiffs deny each and every allegation contained in paragraph 9 of the First Amended Counterclaim.

10.     Answering paragraph 10 of the First Amended Counterclaim, Plaintiffs admit that discussions concerning the nature of the transaction occurred over a six month period. Except as so admitted, Plaintiffs deny each and every allegation contained in paragraph 10 of the First Amended Counterclaim.

11.     Answering paragraph 11 of the First Amended Counterclaim, Plaintiffs admit that on or about May 2, 2008, the Securities Exchange Agreement ("Agreement") was executed between Name Intelligence, TCI, and TrafficZ. Except as so admitted, Plaintiffs deny each and every allegation contained in paragraph 11 of the First Amended Counterclaim.

12.     Answering paragraph 12 of the First Amended Counterclaim, Plaintiffs admit that the Agreement provides that all of the shares and assets of Name Intelligence would be acquired by TCI in exchange for $16 million to be paid in three installments and approximately 15.3% of the outstanding shares of TCI.

13.     Answering paragraph 13 of the First Amended Counterclaim, Plaintiffs admit that TCI paid Name Intelligence $6 million upon executing the Agreement. Plaintiffs further admit that the Agreement also called for two additional payments of $5 million each. Except as so admitted, Plaintiffs deny each and every allegation contained in paragraph 13 of the First Amended Counterclaim.

14.     Answering paragraph 14 of the First Amended Counterclaim, Plaintiffs admit that Agreement called for the creation of a Equity Incentive Plan. Except as

1  so admitted, Plaintiffs deny each and every allegation contained in paragraph 14 of
2  the First Amended Counterclaim.
3       15.   Answering paragraph 15 of the First Amended Counterclaim, Plaintiffs
4  deny each and every allegation contained therein.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

7       16.   Answering paragraph 16 of the First Amended Counterclaim, Plaintiffs
8  incorporate their responses to the allegations contained in paragraph 1 through 15
9  above as though fully set forth herein. To the extent any further answer is required,
10 Plaintiffs deny the allegations contained in paragraph 16 of the First Amended
11 Counterclaim.
12      17.   Answering paragraph 17 of the First Amended Counterclaim, Plaintiffs
13 admit the allegations contained therein.
14      18.   Answering paragraph 18 of the First Amended Counterclaim, Plaintiffs
15 admit the allegations contained therein.
16      19.   Answering paragraph 19 of the First Amended Counterclaim, Plaintiffs
17 deny each and every allegation contained therein.
18      20.   Answering paragraph 20 of the First Amended Counterclaim, Plaintiffs
19 deny each and every allegation contained therein.
20      21.   Answering paragraph 21 of the First Amended Counterclaim, Plaintiffs
21 deny each and every allegation contained therein.
22      22.   Answering paragraph 22 of the First Amended Counterclaim, Plaintiffs
23 deny each and every allegation contained therein.

### SECOND CAUSE OF ACTION
### (Breach of Contract)

26      23.   Answering paragraph 23 of the First Amended Counterclaim, Plaintiffs
27 incorporate their responses to the allegations contained in paragraphs 1 through 22
28 above as though fully set forth herein. To the extent that any further answer is

1  required, Plaintiffs deny the allegations contained in paragraph 23.

2      24.   Answering paragraph 24 of the First Amended Counterclaim, Plaintiffs admit that Agreement called for the creation of a Equity Incentive Plan. Except as so admitted, Plaintiffs deny each and every allegation contained in paragraph 24 of the First Amended Counterclaim.

    25.   Answering paragraph 25 of the First Amended Counterclaim, Plaintiffs deny each and every allegation contained in paragraph 25 of the First Amended Counterclaim.

    26.   Answering paragraph 26 of the First Amended Counterclaim, Plaintiffs deny each and every allegation contained in paragraph 26 of the First Amended Counterclaim.

### THIRD CAUSE OF ACTION

(Breach of Contract)

    27.   Answering paragraph 27 of the First Amended Counterclaim, Plaintiffs incorporate their responses to the allegations contained in paragraphs 1 through 26 above as though fully set forth herein. To the extent that any further answer is required, Plaintiffs deny the allegations contained in paragraph 27.

    28.   Answering paragraph 28 of the First Amended Counterclaim, Plaintiff admits that 5.8 of the Agreement states "[o]n the date of the payment of the First Post-Closing Payment, subject to the Subordination Agreement, NI LLC will pay $430,000, plus simple interest at a rate of 8% from the Effective Date until the date of such payment…" Except as so admitted, Plaintiffs deny each and every allegation contained in paragraph 28 of the First Amended Counterclaim.

    29.   Answering paragraph 29 of the First Amended Counterclaim, Plaintiffs deny each and every allegation contained in paragraph 29 of the First Amended Counterclaim.

    30.   Answering paragraph 30 of the First Amended Counterclaim, Plaintiffs deny each and every allegation contained in paragraph 30 of the First Amended

Counterclaim.

31. Answering paragraph 31 of the First Amended Counterclaim, Plaintiffs deny each and every allegation contained in paragraph 31 of the First Amended Counterclaim.

## PRAYER FOR RELIEF

32. Paragraphs 1 through 4 of the Prayer for Relief do not require a response, since they are not charging allegations. To the extent that any further answer is required, Plaintiffs deny the allegations contained in paragraph 1 through 4 and deny that Counterclaimants are entitled to any relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

33. As a separate affirmative defense to the First Amended Counterclaim, Plaintiffs allege that the First Amended Counterclaim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Waiver)

34. As a separate affirmative defense to the First Amended Counterclaim, Plaintiffs allege that some of all of the claims asserted in the First Amended Counterclaim are barred by the equitable doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

(Doctrines of Laches, Waiver, Unclean Hands, and Acquiescence)

35. As a separate affirmative defense to the First Amended Counterclaim, Plaintiffs allege that all claims are barred by the equitable doctrines of laches, waiver, unclean hands, and acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

(Consent)

36. As a separate affirmative defense to the First Amended Counterclaim,

OHS West:260835358.1 - 6 - PLAINTIFFS' ANSWER TO DEFENDANTS' FIRST AMENDED COUNTERCLAIMS CV 09-3088-R(AJWx)

Plaintiffs allege the claims are barred because Counterclaimants consented to the alleged conduct.

### FIFTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

37. As a separate affirmative defense to the First Amended Counterclaim, Plaintiffs allege that the First Amended Counterclaim and each purported claim contained therein, may be barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE
#### (Failure to Mitigate)

38. As a separate affirmative defense to the First Amended Counterclaim, Plaintiffs allege that Counterclaimants have failed to mitigate their damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Prior Material Breach)

39. As a separate affirmative defense to the First Amended Counterclaim, Counterclaimants' failure to act in accordance to the requirements of the agreements are prior material breaches and bar Counterclaimants' claims.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Excuse of Performance)

40. As a separate affirmative defense to the First Amended Counterclaim, Plaintiffs alleges that its performance of the contract was excused by Counterclaimants' failure to perform the conditions precedent as specified in the written contract, and/or any oral understanding between the parties.

### NINTH AFFIRMATIVE DEFENSE
#### (Intervening Cause)

41. As a separate affirmative defense to the First Amended Counterclaim, Plaintiffs allege that Counterclaimants' alleged damages, if any, may have been caused or contributed by intervening causes and/or acts of Counterclaimants and/or other currently unknown third parties, which constitute superseding causes thereby

insulating Plaintiffs from liability to Counterclaimants.

### TENTH AFFIRMATIVE DEFENSE
(Failure to Include Necessary Party)

42. As a separate affirmative defense to the First Amended Counterclaim, Plaintiffs allege that the First Amended Counterclaim fails to include a necessary party required for this Court to grant complete relief.

### ELEVENTH AFFIRMATIVE DEFENSE
(Lack of Consideration)

43. As a separate affirmative defense to the First Amended Counterclaim, Plaintiffs allege that the Counterclaims fail for failure of consideration.

### TWELFTH AFFIRMATIVE DEFENSE
(Setoff)

44. As a separate affirmative defense to the First Amended Counterclaim, Plaintiffs allege that all or part of Counterclaims fail due to Counterclaimants' own breach of contract and damages associated with that breach and setoffs thereto.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Negligence)

45. As a separate affirmative defense to the First Amended Counterclaim, Plaintiffs allege that the claims are barred by Counterclaimants' own negligent and/or intentional misrepresentations and admissions.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Other Parties' Fault)

46. As a separate affirmative defense to the First Amended Counterclaim, Plaintiffs allege that any damages allegedly suffered by Counterclaimants were caused wholly or in part by the acts, omissions, negligence or other wrongful tortious conduct or breach of duties or obligations by third parties in connection with the matters alleged, and such acts, omissions, negligence or other wrongful or tortious or breach of duties or obligations caused or contributed directly and

1 | proximately to the events referred to in the Complaint. Thus, any liability of
2 | Plaintiffs for any damages allegedly suffered by Counterclaimants is diminished or
3 | limited in proportion to the fault attributable to third parties.

      47.    The claims asserted by Counterclaimants are subject to discovery. Plaintiffs therefore expressly reserve their right to amend, supplement and/or revise its Answer and to assert additional Affirmative Defenses as may be necessary before trial.

Dated:      February 5, 2010    KENT B. GOSS
                                                CHRISTOPHER J. CHAUDOIR
                                                ORRICK HERRINGTON & SUTCLIFFE LLP

                                                CHRISTOPHER J. CHAUDOIR
                                                Attorneys for Plaintiffs and Counterdefendants
                                                THOUGHT CONVERGENCE, INC. and
                                                NAME INTELLIGENCE, LLC

**PROOF OF SERVICE**

I, Lupe Flores, declare:

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017-5855.

I hereby certify that on February 5, 2010, I electronically filed the following documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below:

**PLAINTIFFS THOUGHT CONVERGENCE, INC. AND NAME INTELLIGENCE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COUNTERCLAIMS**

| | |
|---|---|
| Hamilton Gardiner<br>hamilton@lawhg.net<br>Holmquist & Gardiner, PLLC<br>1000 Second Avenue, Suite 1770<br>Seattle, WA 98104<br>Tel: (206) 438-9116<br>Fax: (206) 694-4601<br><br>*Attorneys for Defendants and Counterclaimants*<br>***JAY WESTERDAL, and NAME INTELLIGENCE INC. and Defendant PER WESTERDAL*** | Robert L. Wallan<br>robert.wallan@pillsburylaw.com<br>Mariah L. Brandt<br>mariah.brandt@pillsburylaw.com<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>725 S. Figueroa Street, Suite 2800<br>Los Angeles, CA 90017-5406<br>Tel: (213) 488-7100<br>Fax: (213) 629-1033<br><br>*Attorneys for Defendants and Counterclaimants*<br>***JAY WESTERDAL and NAME INTELLIGENCE INC. and Defendant PER WESTERDAL*** |

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 5, 2010, at Los Angeles, California.

/s/ Lupe Flores
LUPE FLORES

OHS West:260660445.1

- 1 -

# PROOF OF SERVICE

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017. On February 5, 2010, I served the following document(s):

**PLAINTIFFS THOUGHT CONVERGENCE, INC. AND NAME INTELLIGENCE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COUNTERCLAIMS**

[x] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

[ ] By depositing a true and correct copy of the document(s) listed above with Fed Ex in Los Angeles, California, enclosed in a sealed envelope.

[x] (by Electronic Mail), I caused such documents to be transmitted by electronic mal to the offices of the addressee.

Hamilton Gardiner
hamilton@lawhg.net
Holmquist & Gardiner, PLLC
1000 Second Avenue, Suite 1770
Seattle, WA 98104
Tel: (206) 438-9116
Fax: (206) 694-4601

*Attorneys for Defendants and Counterclaimants*
**JAY WESTERDAL, and NAME INTELLIGENCE INC. and Defendant PER WESTERDAL**

Robert L. Wallan
robert.wallan@pillsburylaw.com
Mariah L. Brandt
mariah.brandt@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Tel: (213) 488-7100
Fax: (213) 629-1033

*Attorneys for Defendants and Counterclaimants*
**JAY WESTERDAL and NAME INTELLIGENCE INC. and Defendant PER WESTERDAL**

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2010 at Los Angeles, California.

_____
LUPE FLORES

OHS West:260660445.1                                    - 2 -